## ENVIRONMENTAL PROTECTION SERVICES, INCORPORATED, Petitioner

v.

## ENVIRONMENTAL PROTECTION AGENCY, Respondent.

### No. 08–1088.

United States Court of Appeals, District of Columbia Circuit.

Nov. 25, 2009.

Marian Cecilia Hwang, Esquire, Jennifer Marie Schwartzott, Esquire, Miles & Stockbridge PC, Baltimore, MD, Edward Louis Kropp, Jackson Kelly PLLC, Charleston, WV, for Petitioner.

Laurel A. Bedig, Trial Attorney, John Charles Cruden, Assistant Attorney General, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SENTELLE, Chief Judge, GINSBURG, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record from the agency and on the briefs and

the oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review of the Order be denied.

First, the petitioner had fair notice of the EPA's interpretations of 40 C.F.R. §§ 761.3, 761.20, 761.65, and 761.72. The "most natural" reading of the text of each of those regulations, along with the related provisions in the Federal Register, provided such notice. *See NetworkIP, LLC v. FCC,* 548 F.3d 116, 123 (D.C.Cir.2008).

Second, the petitioner has not met the "demanding" standard for making out a claim either of selective or of vindictive prosecution. *See, e.g., United States v. Armstrong,* 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Regardless whether EPS and G & S were similarly situated, EPS has not shown the EPA lacked a rational basis for bringing an enforcement action against EPS but not against G & S, *see 3883 Conn. LLC v. District of Columbia,* 336 F.3d 1068, 1075 (D.C.Cir.2003), or that the EPA had an improper motive, such as suppressing the petitioner's speech about G & S, *see United States v. Mangieri,* 694 F.2d 1270, 1273 (D.C.Cir.1982). Nor has EPS shown even a "reasonable likelihood of vindictiveness" on the part of the EPA. *See Maddox v. Elzie,* 238 F.3d 437, 446 (D.C.Cir.2001) (citing *United States v. Goodwin,* 457 U.S. 368, 373, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)).

Third, the conclusion of the Environmental Appeals Board that EPS was not acting as a "transfer facility" for the capacitors it was storing on July 9, 1999, *see* 40 C.F.R. § 761.3, was neither arbitrary nor capricious. Nor was the penalty of $133,100 imposed by the Board for EPS's three violations of the Toxic Substances Control Act either "unwarranted in law" or "without justification in fact." *Pharaon v. Bd. of Governors,* 135 F.3d 148, 155 (D.C.Cir.1998) (internal quotation marks omitted).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.